IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER ALAN ROBINSON, § | |
| 1589024, § | |
|     Petitioner, § | |
| § | 3:11-CV-485-D |
| v. § | |
| § | |
| RICK THALER, Director, § | |
| Texas Department of Criminal Justice, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I.  Procedural Background**

Petitioner was convicted of two counts of possession of a prohibited substance in a correctional facility. He was sentenced to thirty-two years in prison on count one, and twenty-five years in prison on count two, to run concurrently. *State of Texas v. Christopher Alan Robinson*, No. F43658 (249th Dist. Ct., Johnson County, Tex., Aug. 13, 2009).

After filing a timely notice of appeal, Petitioner filed a motion to dismiss and waive his appeal. *Robinson v. State*, No. 10-09-00283-CR (Tex. App. – Waco, 2009). On October 14, 2009, the Tenth Court of Appeals granted the motion. On January 5, 2010, Petitioner filed a motion to withdraw his previous motion to dismiss his appeal. On May 5, 2010, the Tenth

District dismissed the motion for want of jurisdiction.  Petitioner did not file a petition for discretionary review.

On September 8, 2010, Petitioner filed two state petitions for writ of habeas corpus.  *Ex parte Robinson*, Application Nos. 74,801-01 and -02.  On February 23, 2011, the Court of Appeals denied the petitions without written order.

On March 2, 2011, Petitioner filed this federal petition.  He argues:

(1)   He was denied his right to appeal in violation of due process; and

(2)   He received ineffective assistance of counsel on appeal.

On June 30, 2011, Respondent filed his answer.  On July 13, 2011, Petitioner filed a reply.  The Court now determines the petition should be denied.

## II. Discussion

1.   **Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d).  Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the

United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**2.     Right to Appeal**

Petitioner argues he was denied the right to file a direct appeal in violation of his due process rights. Petitioner states that although he wrote letters to the trial judge and the prosecutor stating that he wanted to dismiss his appeal, he was not mentally competent at the time he wrote the letters.

The record shows Petitioner filed a timely notice of appeal on September 2, 2009. On October 2, 2009, appellate counsel filed a motion to dismiss the appeal. Counsel included a copy of Petitioner's September 16, 2009, and September 20, 2009, letters to the trial judge and prosecutor stating that he wanted to dismiss his appeal. (*Ex parte Henderson* at 46-48.) On October 14, 2009, the appellate court dismissed Petitioner's appeal. On November 23, 2009, appellate counsel informed Petitioner that his appeal had been dismissed. (*Id*. at 43.)

On November 12, 2009, the appellate court received a letter from Petitioner stating he did not want to dismiss his appeal.[1] On December 15, 2009, the appellate court received a second letter from Petitioner stating he did not want to dismiss his appeal. On January 5, 2010, appellate

---

[1] Although the Court is unable to locate this letter in the record, the appellate court's dissenting opinion refers to the letter. *Ex parte Robinson* at 66.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -3-

counsel filed a motion to reinstate the appeal.

On February 8, 2010, the appellate court requested that both parties brief the issue of whether the appellate court still had jurisdiction to reinstate the appeal. After both parties filed briefs, the appellate court determined that it no longer had jurisdiction. The court therefore denied the motion to reinstate the appeal. *Ex parte Robinson* at 62-63.

Petitioner has failed to show he was denied the right to appeal in violation of due process. Petitioner filed a notice of appeal and his appeal was pending with the appellate court. His decision to request dismissal of his appeal resulted in the appeal being dismissed.

Although Petitioner argues he has been bipolar for many years and was not competent at the time he wrote the letters requesting that his appeal be dismissed, the state court denied Petitioner's claim. Petitioner submitted no evidence that he was incompetent on the dates he wrote his letters seeking dismissal of his appeal. Petitioner has failed to show that the state court's denial of relief on this claim was unreasonable.

3. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner argues his counsel was ineffective when he did not sufficiently consult with him prior to filing a motion to dismiss Petitioner's appeal. Petitioner argues that he has a record of mental illness, which should have cause his appellate counsel to question Petitioner's decision to dismiss his appeal.

The record shows Petitioner was convicted after a jury trial. The record does not reflect any claims and/or issues of competency at trial. Further, Petitioner's September 16, 2009, and September 24, 2009, letters requesting dismissal of his appeal are coherent and do not on their face raise any competency issue. Petitioner has failed to establish that his counsel was constitutionally ineffective for filing Petitioner's motion to dismiss with the appellate court. This claim should be denied.

4.  **Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 10th day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).